UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BWXT NUCLEAR OPERATIONS GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-01054-SEB-KMB |
| ) | |
| J & L HATFIELD, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO COMPEL AND AWARD SANCTIONS

Presently pending before the Court is Plaintiff BWXT Nuclear Operations Group, Inc.'s ("BWXT") Motion for Sanctions, Or, In the Alternative, Motion to Compel. [Dkt. 31.] BWXT requests sanctions against all Defendants for their failure to answer discovery or, in the alternative, requests that the Court order Defendants to comply with discovery. This pending Motion was referred to the undersigned by the District Judge under 28 U.S.C. § 636(b)(1)(B) to issue proposed findings and recommendations. [Dkt. 32.] The undersigned held a hearing on the pending motion in April 2025, held a related hearing in June 2025 due to Defendant Lois Ann Hatfield failing to appear at the April 2025 hearing, and now issues this Report and Recommendation to the District Judge, recommending the Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion for Sanctions as more fully set forth herein.

### I.     BACKGROUND

According to the Complaint, BWXT and Defendant J & L Hatfield ("J & L") entered into a contract whereby J & L would rebuild an existing rotary table ("the Table") for BWXT. [Dkt. 1.] Defendants Jeffrey and Lois Ann Hatfield were principles of J & L at all relevant times. [*Id.* at 2.] BWXT filed this lawsuit in federal court after J & L repeatedly asserted that the Table was

ready or nearly ready to be returned to BWXT but then J & L did not deliver it. As of the hearing on the pending Motion in April 2025, the Table still had not been delivered to BWXT, and BWXT had not been allowed onto J & L's property to inspect the Table.

In December 2024, the undersigned held a Settlement Conference in this case. Defendants were ordered to appear in person, but Ms. Hatfield failed to appear as ordered. [Dkt. 25.] The conference was concluded without settlement but "[c]ounsel was encouraged to continue to negotiate possible resolution." [Dkt. 25.] The undersigned later held a Telephonic Status Conference in the case. [Dkt. 28.] At that status conference, BWXT's counsel reported that Defendants had not complied with discovery "despite ongoing promises to do so." [*Id.* at 1.] Defendants' counsel did not dispute these assertions, and the Court encouraged BWXT to "get any appropriate discovery motions on file so that th[e] case [could] progress." [*Id.*] Shortly thereafter, Plaintiff filed the underlying Motion. [Dkt. 31.] Defendants oppose BWXT's Motion. [Dkt. 35.]

Counsel for the Parties presented oral argument to the undersigned on the pending motion at a hearing in April 2025.[1] [Dkt. 41.] With their clients' consent, counsel for the Defendants presented argument on their behalf, despite a pending Motion to Withdraw as Counsel. [Dkt. 41.] Since that hearing, the Court has granted counsel's Motion to Withdraw, such that Defendants are now proceeding *pro se* in this litigation. The undersigned now issues the following Report and Recommendation regarding BWXT's Motion for Sanctions, Or, In the Alternative, Motion to Compel. [Dkt. 31.]

---

[1] Ms. Hatfield failed to appear at the hearing in April 2025 as ordered. [Dkt. 41.] The Court subsequently issued an Order to Show Cause and held an in person hearing in June 2025 to ensure that Ms. Hatfield was aware of the pending litigation and her obligation to participate as an individually named Defendant in this lawsuit. [Dkts. 43; 45.] Ms. Hatfield appeared at that hearing, apologized for her prior failures to appear, confirmed she understood her obligations, and the Court discharged the Order to Show Cause. [Dkt. 45.]

## II.     LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)).  Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility.  *Est. of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. 2021) (citing Fed. R. Civ. P. 26(b)(1)).  An order compelling disclosure is appropriate if the party in question has either completely failed to respond to discovery requests or has responded with evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)-(4).

Federal Rule of Civil Procedure 33 allows parties to serve up to 25 written interrogatories within the scope allowed by Federal Rule of Civil Procedure 26(b).  Rule 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and is proportional to the needs of the case." Fed. R. Civ. P. 33; Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 34 allows parties to request production of documents in accordance with Rule 26(b).  Rule 34 also allows a party to request permission to enter onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2).

When a party fails to respond to discovery requests or requests for inspection, the court may sanction the party using any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi).  Fed. R. Civ.

3

P. 37(d)(3). Instead of or in addition to those sanctions, the court "must require the party failing to act," their attorney, or both, "to pay the reasonable expenses, including attorney's fees, caused by the failure," unless the failure was substantially justified, or some other circumstance makes the award of expenses inappropriate or unjust. Fed. R. Civ. P. 37(d)(3). When imposing a sanction, courts are guided by the principle that the sanction "should be proportioned to the gravity of the offense." *Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003).

### III.   DISCUSSION

BWXT asks the Court to issue an order compelling Defendants to (1) respond to BWXT's served Interrogatories and Requests for Production, (2) provide BWXT with a video of the Table, and (3) permit BWXT to enter Defendants' property to inspect the Table. BWXT also requests that the Court issue sanctions including (1) an entry of default judgment against the Defendants, (2) that certain facts to be found in favor of BWXT due to Defendants' alleged spoliation of evidence, (3) a prohibition on Defendants from defending against BWXT's fraud claim, and (4) that reasonable fees and expenses be awarded to BWXT. The Court will first address BWXT's requests to compel discovery and then address BWXT's requests for sanctions.

#### A.   Motion to Compel

BWXT served various discovery requests on Defendants on October 10, 2024. [Dkt. 31 at 1.] These discovery requests included Requests for Production, [dkt. 39], a Request for Entry Upon Land for Inspection of Property, [dkt. 40], and Interrogatories, [dkt. 38]. The Interrogatories and Request for Entry Upon Land were directed solely to Defendant J & L. [Dkts. 38; 40.] The Request for Production of Documents were directed to all Defendants. [Dkt. 39.] Under Federal Rules of Civil Procedure 33(b) and 34(b), Defendants had 30 days to respond to these discovery requests, unless the Parties stipulated otherwise. *See* Fed. R. Civ. Pro. 29(b) (generally permitting

4

parties to stipulate about the nature, extent, and timing of discovery as long as it does not impact case management plan deadlines).

As of the April 2025 hearing, none of the Defendants had responded to the Requests for Production in a sufficient way that complied with the Federal Rules of Civil Procedure. Likewise, J & L had not responded to the Interrogatories or permitted BWXT to inspect the Table pursuant to the Request for Entry Upon Land in a sufficient way that complied with the Federal Rules of Civil Procedure. BWXT requests that the Court now order the Defendants to comply fully and completely with the served discovery, provide BWXT with a video of the Table, and permit BWXT to inspect the Table. [Dkt. 31 at 7.]

In response, Defendants request more time to answer discovery while working with new counsel that they hope to recruit. [Dkt. 35.] They dispute Plaintiff's argument that Defendants have made "misleading or false statements." [*Id.* 1.] Defendants' response brief also promises to provide a video of the Table and share it with Plaintiff before the hearing on April 10, 2025.[2] [*Id.*]

In reply, BWXT emphasizes the "multiple occasions" that Defendants have refused BWXT's requests to inspect the Table and failed to send videos and photographs as promised. [Dkt. 37 at 1-2.] BWXT reiterates its request that the Court compel Defendants to comply with discovery and sanction them for their ongoing failure to do so.

Defendants make no attempt to argue that BWXT's discovery served on them is overbroad, improper, or in any other way deficient under the Federal Rules of Civil Procedure such that they should not be required to respond to it. Rather, Defendants' failure to respond to it appears in line

---

[2] As was discussed at the hearing, Defendants did provide BWXT with a video shortly before the April hearing; however, counsel for BWXT emphasized that the quality was incredibly poor and it appeared to be clips of parts of a rotary table. Counsel emphasized that it was not clear if those parts were from the Table at issue, and no video was provided of the full Table.

5

with their apparent approach to this entire litigation—make representations to do things in the future that they do not do in an apparent attempt to delay the proceedings. That strategy, to the extent it can be called one, will not be successful. After reviewing the Parties' briefing on the pending motion in conjunction with arguments made at the hearing, the undersigned now **RECOMMENDS** that the District Judge **GRANT** BWXT's Motion to Compel, [dkt. 31], to the following extent:

- All Defendants be **ORDERED** to respond to BWXT's Requests for Production, [dkt. 39], **within 14 days** of the date on which the District Judge acts on this Report and Recommendation;

- J & L be **ORDERED** to respond to BWXT's Interrogatories, [dkt. 38], **within 14 days** of the date on which the District Judge acts on this Report and Recommendation; and

- J & L be **ORDERED** to allow BWXT to enter the property where the Table is located pursuant to BWXT's Request for Entry Upon Land, [dkt. 40], such that BWXT can inspect the Table, take photographs of the Table, and take a video of the Table. BWXT and J & L shall promptly meet and confer to select a date for this inspection, and that inspection shall be **within 14 days** of the date on which the District Judge acts on this Report and Recommendation.

**B.     Motion for Sanctions**

BWXT seeks sanctions under Federal Rule of Civil Procedure 37 for Defendants' failure to engage in discovery. [Dkt. 31.] Specifically, BWXT requests that the Court issue sanctions including (1) an entry of default judgment against the Defendants, (2) that certain facts to be found

in favor of BWXT due to Defendants' alleged spoliation of evidence,[3] (3) a prohibition on Defendants from defending against BWXT's fraud claim, and (4) reasonable expenses be awarded to BWXT. [*Id.* at 6.] BWXT argues that all of these sanctions are appropriate because of Defendants' continued failure to engage in discovery and BWXT's subsequent inability to develop its fraud claim because of the lack of discovery. [*Id.* at 5.]

Defendants request that the Court deny Plaintiff's Motion for Sanctions yet they make no substantive argument in their response brief beyond claiming they have not made "misleading or false statements to Plaintiff and object to Plaintiff's request that Defendants be denied an opportunity to defend said claims." [Dkt. 35 at 1.]

Federal Rule of Civil Procedure 37(d) outlines when the Court may issue sanctions if a party has failed to respond to discovery under Rule 33 or 34. Fed. R. Civ. P. 37. Available sanctions include any of those listed in Rule 37(b)(2)(A)(i)-(vi), which are as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

---

[3] BWXT requests sanctions for Defendants' alleged spoliation of the evidence "resulting from Defendants' work on the Table since this action was filed." [Dkt. 37 at 3.] As an initial matter, this request was made for the first time in BWXT's reply brief, so it is summarily denied. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[A]rguments raised for the first time in [a] reply brief are waived because they leave no chance to respond."). Even if it had been made earlier, however, as the undersigned emphasized at the hearing, BWXT's spoliation argument is inherently inconsistent with its repeated requests ahead of the hearing that Defendants fix the Table in Defendants' possession. Because of this inconsistency, the undersigned does not recommend any sanctions related to spoliation and will not address BWXT's spoliation arguments further.

>> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Rule 37(d)(3) also directs that in addition to these sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

It is apparent that the Defendants have, in large part, failed to participate in discovery in this matter. They do not deny that they have not responded to the discovery requests served by BWXT as required by the Federal Rules of Civil Procedure. They have made repeated promises to engage in discovery but have failed to fully comply with those obligations. The undersigned gives them some limited credit for producing video clips to BWXT shortly before the April hearing; however, as BWXT's counsel emphasized at the hearing, the clips were of poor quality and did not show a full video of the Table as requested. While the undersigned recognizes that Defendants are now without counsel and defending this lawsuit *pro se*, ample time has passed since their counsel was allowed to withdraw, and new counsel has not entered an appearance on behalf of any of the Defendants. Defendants' *pro se* status is not a free pass and this lawsuit will continue to proceed, as the undersigned has made very clear to the Defendants.[4]

---

[4] The undersigned also has made it very clear that because Defendant J & L Hatfield is an entity and not a person, it is not "'permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court.'" [Dkt. 42 at 2 (quoting *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008)).] Thus, neither Mr. Hatfield nor Ms. Hatfield can represent Defendant J&L Hatfield in this case. As the undersigned emphasized back in April when counsel's Motion to Withdraw was granted, "Defendant J & L Hatfield **must** have an attorney enter an appearance on its behalf in order to defend itself in this action. This case is not stayed and will continue to proceed regardless of whether Defendant J & L Hatfield retains counsel to represent it in this action." [Dkt. 42 at 2 (original emphasis).]

While BWXT asks the Court to enter default judgment against all Defendants as a sanction for their failure to engage in discovery, the undersigned does not find that to be appropriate at this time. In assessing the appropriateness of default judgment as a discovery sanction, courts consider the disobedient party's conduct during discovery as a whole and whether less drastic sanctions would prove unavailing. *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014); *see also Ramirez v. T&H Lemont, Incorporated*, 845 F.3d 772, 779-80 (7th Cir. 2016). While it is possible that the Court will enter default judgment against the Defendants if their discovery noncompliance continues, the undersigned recommends that lesser sanctions be issued at this time to hopefully secure Defendants' compliance with their discovery obligations.

For the reasons stated herein, given the current posture of this case, the undersigned **RECOMMENDS** that BWXT's Motion for Sanctions, [dkt. 31], be **GRANTED IN PART AND DENIED IN PART**, such that the following sanctions be issued at this time:

- Defendants shall pay for BWXT's costs and attorney fees associated with the preparation and filing of BWXT's pending Motion for Sanctions and Motion to Compel, [dkt. 31], as well as any costs and attorney fees related to its preparation for and attendance at the Court's hearing on that motion in April 2025. BWXT shall file a motion for attorney fees and costs **within 14 days** of the date on which the District Judge acts on this Report and Recommendation. Defendants will have **21 days to respond** to that motion when filed, and BWXT will have **14 days to reply**.

- The undersigned also recommends the following progressive sanction, should Defendants continue not to comply with their discovery obligations: If the District Judge adopts this Report and Recommendation and any of the Defendants do not comply with any deadline set forth in that Order, **each** of the Defendants shall be fined **One Hundred Dollars**

**($100.00) per calendar day** for that noncompliance. To be clear, this could result in a total fine of **up to $300 per calendar day** if each of the three Defendants continues not to comply. Any fines that occur will be payable to BWXT, and BWXT shall file a motion as appropriate should noncompliance occur and trigger this recommended progressive sanction if it is adopted by the District Judge.

## IV.  CONCLUSION

For the reasons explained herein, the undersigned **RECOMMENDS** that the District Judge **GRANT** BWXT's Motion to Compel, [dkt. 31], to the following extent:

- All Defendants be **ORDERED** to respond to BWXT's Requests for Production, [dkt. 39], **within 14 days** of the date on which the District Judge acts on this Report and Recommendation;

- J & L be **ORDERED** to respond to BWXT's Interrogatories, [dkt. 38], **within 14 days** of the date on which the District Judge acts on this Report and Recommendation; and

- J & L be **ORDERED** to allow BWXT to enter the property where the Table is located pursuant to BWXT's Request for Entry Upon Land, [dkt. 40], such that BWXT can inspect the Table, take photographs of the Table, and take a video of the Table. BWXT and J & L shall promptly meet and confer to select a date for this inspection, and that inspection shall be **within 14 days** of the date on which the District Judge acts on this Report and Recommendation.

For the reasons stated herein, the undersigned also **RECOMMENDS** that BWXT's Motion for Sanctions, [dkt. 31], be **GRANTED IN PART AND DENIED IN PART**, such that the following sanctions be issued at this time:

10

- Defendants shall pay for BWXT's costs and attorney fees associated with the preparation and filing of BWXT's pending Motion for Sanctions and Motion to Compel, [dkt. 31], as well as any costs and attorney fees related to its preparation for and attendance at the Court's hearing on that motion in April 2025. BWXT shall file a motion for attorney fees and costs **within 14 days** of the date on which the District Judge acts on this Report and Recommendation. Defendants will have **21 days to respond** to that motion when filed, and BWXT will have **14 days to reply**.

- The undersigned also recommends the following progressive sanction, should Defendants continue not to comply with their discovery obligations: If the District Judge adopts this Report and Recommendation and any of the Defendants do not comply with any deadline set forth in that Order, **each** of the Defendants shall be fined **One Hundred Dollars ($100.00) per calendar day** for that noncompliance. To be clear, this could result in a total fine of **up to $300 per calendar day** if each of the three Defendants continues not to comply. Any fines that occur will be payable to BWXT, and BWXT shall file a motion as appropriate should noncompliance occur and trigger this recommended progressive sanction if it is adopted by the District Judge.

Any objections to this Report and Recommendation **must** be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections **within 14 days** will constitute a waiver of subsequent review absent a showing of good cause for that failure. **The Parties should not anticipate any extension of this deadline or any other related briefing deadlines.**

    SO RECOMMENDED.

Date: 7/3/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

J & L HATFIELD, LLC
1911 15th Street
Columbus, IN 47201

JEFFREY HATFIELD
1911 15th Street
Columbus, IN 47201

LOIS ANN HATFIELD
1911 15th Street
Columbus, IN 47201