UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BWXT NUCLEAR OPERATIONS GROUP, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:24-cv-01054-SEB-KMB ) |
| J & L HATFIELD, LLC, JEFFREY HATFIELD, LOIS ANN HATFIELD, | ) ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
RENEWED MOTION FOR SANCTIONS**

Presently pending before the Court is Plaintiff BWXT Nuclear Operations Group, Inc.'s ("BWXT") Renewed Motion for Sanctions. [Dkt. 52.] BWXT requests sanctions against Defendants J & L Hatfield, LLC ("J & L"), Jeffrey Hatfield, and Lois Ann Hatfield for their failure to follow court orders and adequately participate in discovery. This pending Motion was referred to the undersigned by the District Judge under 28 U.S.C. § 636(b)(1)(B) to issue proposed findings and recommendations. [Dkt. 59.] Defendants have not responded to the Renewed Motion for Sanctions, and the time to do so has long passed. The undersigned now issues this Report and Recommendation to the District Judge, recommending the Court **GRANT IN PART** and **DENY IN PART** Plaintiff's Motion for Sanctions as more fully set forth herein.

## I.     BACKGROUND

The instant Renewed Motion for Sanctions is the second request for sanctions by BWXT in this case. The undersigned issued a Report and Recommendation on BWXT's first Motion for Sanctions, which was adopted by the District Judge. [Dkts. 46, 47.] Much of the relevant

background remains substantially the same as it was when the undersigned issued the first Report and Recommendation.

According to the Complaint, BWXT and Defendant J & L entered into a contract whereby J & L would rebuild an existing rotary table ("the Table") for BWXT. [Dkt. 1.] Defendants Mr. and Ms. Hatfield were principles of J & L at all relevant times. [*Id.* at 2.] BWXT filed this action after J & L repeatedly asserted that the Table was ready or nearly ready to be returned to BWXT but then J & L did not deliver it. As of the date of BWXT's Motion, the Table still had not been delivered to BWXT, and BWXT had not been onto J & L's property to inspect the Table.

In February 2025, the undersigned held a Telephonic Status Conference. [Dkt. 28.] At that status conference, BWXT's counsel reported that Defendants had not complied with discovery "despite ongoing promises to do so." [*Id.* at 1.] Defendants' counsel did not dispute these assertions, and the Court encouraged BWXT to "get any appropriate discovery motions on file so that th[e] case [could] progress." [*Id.*] Shortly thereafter, BWXT filed its first Motion for Sanctions. [Dkt. 31.]

Counsel for the Parties presented oral argument to the undersigned on the first Motion for Sanctions at a hearing in April 2025. [Dkt. 41.] With their clients' consent, counsel for the Defendants presented argument on their behalf, despite a pending Motion to Withdraw as Counsel. [Dkt. 41.] Following that hearing, the Court granted Defendants' counsel's Motion to Withdraw, such that Defendants are now proceeding *pro se* in this litigation. [Dkt. 42.]

The undersigned then issued a Report and Recommendation, which was adopted by the District Judge, regarding BWXT's first Motion for Sanctions (the "First Sanctions Order"). [Dkts. 46, 47.] First, the Court ordered the following discovery to occur:

- All Defendants be **ORDERED** to respond to BWXT's Requests for Production, [dkt. 39], **within 14 days** of the date on which the District Judge acts on this Report and Recommendation;

- J & L be **ORDERED** to respond to BWXT's Interrogatories, [dkt. 38], **within 14 days** of the date on which the District Judge acts on this Report and Recommendation; and

- J & L be **ORDERED** to allow BWXT to enter the property where the Table is located pursuant to BWXT's Request for Entry Upon Land, [dkt. 40], such that BWXT can inspect the Table, take photographs of the Table, and take a video of the Table. BWXT and J & L shall promptly meet and confer to select a date for this inspection, and that inspection shall be **within 14 days** of the date on which the District Judge acts on this Report and Recommendation.

[Dkt. 46 at 10.] Additionally, the Court issued the following sanctions:

- Defendants shall pay for BWXT's costs and attorney fees associated with the preparation and filing of BWXT's pending Motion for Sanctions and Motion to Compel, [dkt. 31], as well as any costs and attorney fees related to its preparation for and attendance at the Court's hearing on that motion in April 2025. . . .

- The undersigned also recommends the following progressive sanction, should Defendants continue not to comply with their discovery obligations: If the District Judge adopts this Report and Recommendation and any of the Defendants do not comply with any deadline set forth in that Order, each of the Defendants shall be fined One Hundred Dollars ($100.00) per calendar day for that noncompliance. To be clear, this could result in a total fine of up to $300 per calendar day if each of the three Defendants continues not to comply. Any fines that occur will be payable to BWXT, and BWXT shall file a motion as appropriate should noncompliance occur and trigger this recommended progressive sanction if it is adopted by the District Judge.

[*Id.* at 11.] BWXT moved for attorney fees consistent with the Court's order, and the Court subsequently granted its request for $7,231.90 in attorney fees. [Dkt. 53.] Defendants paid the attorney fees. [Dkt. 58.]

The only communication BWXT has had with any Defendant since the Court's First Sanctions Order is a single email sent by Mr. Hatfield to one of BWXT's counsel on August 12, 2025—six days after the deadline to respond—that stated, "[p]lease let me know if you have any

questions."[1] [Dkt. 55 at 1.] The email contained several attachments, including, as relevant here, Defendants' response to BWXT's Request for Production, [*id.* at 2-16], J & L's response to BWXT's Interrogatories, [*id.* at 74-80], and J & L's response to BWXT's Request for Entry upon Land, [*id.* at 72-73].

On August 22, 2025, BWXT filed the presently pending Renewed Motion for Sanctions. [Dkt. 52.] Defendants have not responded, and the time to do so has long passed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a district court to sanction a party that "fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a)." Possible sanctions include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).

---

[1] The facts in this paragraph are drawn from the evidence submitted by BWXT in support of their presently pending Renewed Motion for Sanctions. [Dkt. 52.] Because Defendants failed to respond to BWXT's Renewed Motion for Sanctions, the Court treats the factual assertions in BWXT's motion as true.

Rule 37(d)(3) also directs that in addition to these sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

An order of default judgment under Rule 37(b)(2)(A) requires a "clear record of delay or contumacious conduct" or a finding of "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). In assessing the appropriateness of default judgment as a discovery sanction, courts consider the disobedient party's conduct during discovery as a whole and whether less drastic sanctions would prove unavailing. *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014); *see also Ramirez v. T&H Lemont, Incorporated*, 845 F.3d 772, 779-80 (7th Cir. 2016) (discussing requirements for issuing sanctions of dismissal against a plaintiff or default judgment against a defendant under identical standards). Ultimately, the court's sanctions under Rule 37(b)(2)(A) must be proportional to the disobedient party's conduct. *Nelson v. Schlutz*, 878 F.3d 236, 238-39 (7th Cir. 2017).

### III. DISCUSSION

BWXT's Renewed Motion for Sanctions seeks default judgment or, in the alternative, lesser Rule 37(d) sanctions against each Defendant and monetary sanctions. [Dkt. 52 at 8.] Specifically, BWXT asks the Court to sanction Defendants pursuant to Rule 37 by ordering: (1) a default judgment against all Defendants; (2) Defendants to pay reasonable attorney's fees and expenses caused by their failures; and (3) Defendants to pay BWXT a total of $1,800 due to their untimely attempt to comply with the discovery portions of the Court's First Sanctions Order. [*Id.* at 8.] Alternatively, should the Court not order a default judgment, BWXT asks the Court to establish

that Defendants made misleading and false statements regarding the Table or prohibiting Defendants from opposing BWXT's fraud claim.  [*Id.* at 8-9.]

Because Mr. and Ms. Hatfield are similarly situated for purposes of BWXT's Renewed Motion for Sanctions, the Court will first discuss the motion with respect to J & L before discussing the pending motion with regard to Mr. and Ms. Hatfield together.

### A.      Defendant J & L

In its Renewed Motion for Sanctions, BWXT notes that, "J & L is an entity and cannot litigate in federal court unless it is represented by a lawyer licensed to practice in that court."  [Dkt. 52 at 7.]  BWXT is correct.  Despite explicit warnings that as a limited liability company it cannot proceed in this action *pro se*, J & L has still not obtained counsel to represent it.  *See 1756 W. Lake Street LLC v. Am. Chartered Bank*, 787 F.3d 383, 385 (7th Cir. 2015) ("[A] limited liability company, like a corporation, cannot litigate pro se or be represented in the litigation by a nonlawyer.").

As noted above, the Court granted Defendants' previous counsel's Motion to Withdraw Attorney Appearance on April 15, 2025.  [Dkt. 42.]  In granting that motion, the Court made clear that although Mr. and Ms. Hatfield can continue to proceed *pro se* in this litigation, because J & L "is an entity and not a person, it is not 'permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court.'"  [*Id.* at 2 (quoting *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008)).]  The Court stated that this action would continue, but that J & L "**must** have an attorney enter an appearance on its behalf in order to defend itself in this action."  [Dkt. 42 at 2 (emphasis in original).]

The Court then issued its First Sanctions Order on July 3, 2025.  [Dkt. 46.]  In that Order, the Court warned J & L a second time that it cannot proceed *pro se* and that "neither Mr. Hatfield

or Ms. Hatfield can represent [J & L] in this case." [*Id.* at 8 n.4.] The Court reiterated that J & L must be represented by a lawyer. [*Id.*] More than eight months have passed since the Court's first warning that J & L cannot proceed *pro se* in this case. And over five months have passed since the Court's second warning. Nevertheless, no attorney has appeared on behalf of J & L.

The Seventh Circuit Court of Appeals has made clear that "[t]he usual course when a litigant not entitled to litigate *pro se* loses its lawyer in the midst of the case is to give it a reasonable opportunity to find a new one . . . and if it fails . . . [to] enter a default judgment." *Hagerman*, 549 F.3d at 538. That is precisely the situation here. J & L was given a reasonable opportunity of more than eight months to find new counsel but has failed to do so. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016) (rejecting corporation's appeal of a default judgment against it due to lack of counsel, noting that it "had ample time—nearly seven months—to secure replacement counsel to prosecute the original action"); *see also Hagerman*, 549 F.3d at 538 ("[I]t bears emphasis that at any point in a federal litigation at which a party that is not entitled to proceed pro se finds itself without a lawyer though given a reasonable opportunity to obtain one, the court is empowered to bar the party from further participation in the litigation.").

Instead of J & L obtaining counsel, Mr. Hatfield has attempted to respond to BWXT's Request for Production, [dkt. 55 at 2-16], Interrogatories, [*id.* at 74-80], and Request for Entry upon Land, [*id.* at 72-73], on J & L's behalf. But Mr. Hatfield has been repeatedly warned by the Court that he cannot represent J & L because he is not a lawyer, so his attempts to respond on J & L's behalf are invalid. Thus J & L has completely failed to comply with the requirements of the Court's First Sanctions Order, which required it to respond to BWXT's discovery requests and permit BWXT to enter its land to inspect the Table.

Accordingly, because J & L has not complied with the Court's First Sanctions Order, and because it has not obtained counsel despite multiple warnings and a reasonable opportunity to do so, the undersigned **RECOMMENDS** that a default judgment be entered against it.

**B.     Defendants Mr. and Ms. Hatfield**

The Court turns next to BWXT's request for sanctions against Mr. and Ms. Hatfield. BWXT's argues that Mr. and Ms. Hatfield failed to comply with the Court's First Sanctions Order and their discovery obligations in multiple respects. First, BWXT notes that the deadline set by the Court to respond to the discovery requests was August 6, 2025, but they received no communication from Defendants until August 12, 2025. [Dkt. 52 at 2-3.] Even considering Mr. and Ms. Hatfield's belated attempt to comply with the Court's First Sanctions Order, BWXT argues that several of their responses to BWXT's Requests for Production are either incomplete or unresponsive such that they did not adequately comply with the Court's directives.[2] [*Id.* at 3-7.]

The Court begins with BWXT's request for a default judgment against Mr. and Ms. Hatfield or, in the alternative, an adverse factual finding against them. As noted above, Rule 37 permits the Court to issue a "default judgment against the disobedient party" as a discovery sanction. Fed. R. Civ. P. 37(b)(2)(A)(vi). In assessing the appropriateness of default judgment, the Court "weigh[s] not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit as a discovery sanction." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011).

---

[2] As noted above, the Court in its First Sanction Order also ordered J & L to respond to BWXT's Interrogatories and Request for Entry Upon Land to Inspect the Table. [Dkt. 46 at 6.] Those discovery requests were directed only to J & L, [dkts. 38, 40], while the Requests for Production were directed to all three Defendants, [dkt. 39]. Because the Court has recommended entering a default judgment against J & L, the Court addresses here only the discovery requests directed to Mr. and Ms. Hatfield—the Requests for Production.

At the time of the Court's First Sanctions Order, Defendants had not responded to BWXT's discovery requests at all. The Court noted in that Order that "Defendants' failure to respond . . . appears in line with their apparent approach to this entire litigation—make representations to do things in the future that they do not do in an apparent attempt to delay the proceedings." [Dkt. 46 at 5-6.] Nevertheless, the Court did not recommend a default judgment. The Court instead attempted to see if lesser sanctions would lead to compliance with discovery. Thus, in addition to monetary sanctions, Mr. and Ms. Hatfield were ordered to respond to BWXT's Requests for Production within 14 days from the date the District Judge ruled on the Report and Recommendation. [Dkt. 46 at 6 (citing dkt. 39).]

The deadline to comply with the discovery portion of the Court's First Sanctions Order was August 6, 2025. That deadline passed without any response from Defendants. However, as noted above, six days later, Mr. Hatfield sent BWXT's counsel an email with some responses to the Requests for Production attached.[3] [Dkt. 55 at 1-16.]

It is true that this time, unlike when the Court issued its First Sanctions Order, Mr. and Ms. Hatfield have taken steps to comply with the discovery and the Court's orders. They responded to BWXT's Requests for Production, and they paid the attorney's fees ordered by the Court. [*See* dkts. 55, 58.] Thus, it is no longer true that Mr. and Ms. Hatfield have not engaged in discovery at all. However, BWXT correctly points out that many of Mr. and Ms. Hatfield's responses to the Requests for Production fall significantly short of what is required under the Federal Rules of Civil

---

[3] The responses to BWXT's Requests for Production were signed by Mr. and Ms. Hatfield individually, and by Mr. Hatfield on behalf of J & L. [Dkt. 55 at 16.] As set forth above, Mr. Hatfield cannot represent J & L in this action because he is not a lawyer; thus, his attempts to litigate on J & L's behalf are invalid. *See 1756 W. Lake Street LLC*, 787 F.3d at 385. Because he is not an lawyer, he also cannot represent Ms. Hatfield. Therefore, all communications, discovery responses, and filings in this case must continue to make clear upon whose behalf they are made, since Mr. Hatfield and Ms. Hatfield are separate Defendants in this case.

Procedure and applicable standards. [Dkt. 52 at 4-7.] Although not an exhaustive list, the following examples are illustrative of the deficiencies:

- BWXT requested (Request No. 14) documents concerning any formal or informal communication between Defendants and BWXT related to the Table or its repair. Mr. and Ms. Hatfield responded, "There are numerous emails. Several email strings are attached." [Dkt. 55 at 10.] But they failed to actually attach those emails.

- BWXT requested (Request No. 18) photographs or video of the Table, whether assembled or unassembled. As noted above and discussed further below, this request is critical to this case, since for several months BWXT has been trying to ascertain the current state of the Table. Mr. and Ms. Hatfield responded to this request by stating, "Sample of photos attached." [*Id.* at 11.] Just a sample of the requested photos would be insufficient, but they did not attach any video or photos to the email.

- BWXT requested (Request No. 20) documents and communications concerning the work performed on the Table. Mr. and Ms. Hatfield responded, "Attached." [*Id.* at 12.] Yet again, no such documents or communications were provided.

- BWXT requested (Request No. 27) "[c]opies of all documents evidencing loans from Jeffrey Hatfield and/or Louis Ann Hatfield to J & L." [*Id.* at 13.] Mr. and Ms. Hatfield responded, "No formal documents are available." [*Id.*] But BWXT did not request only "formal" documents, it requested all such documents.

- BWXT requested (Request No. 33) copies of records evidencing payment of money "to any member of J & L and/or Defendants, Jeffrey Hatfield and Lois Hatfield, since the organization of J & L, to whom the salary(ies) and/or distribution(s) were paid, the amounts paid, and the date(s) of payment." [*Id.* at 15.] Mr. and Ms. Hatfield responded, "Salary and repayment of loan to J & L Hatfield LLC are the only financial transactions between the owners and J & L Hatfield LLC." [*Id.*] But this response fails to acknowledge whether any such documents exist, let alone produce the documents that do.

- BWXT requested (Requests No. 34 and 35) monthly bank account statements since November 1, 2020, for every J & L bank account and copies of all Defendants' federal tax returns for each of the past five years. Mr. and Ms. Hatfield responded, "These can be observed during a table inspection." [*Id.*] Notably, a table inspection never occurred, even though the Court in its First Sanctions Order ordered J & L to "allow BWXT to enter the property where the Table is located pursuant to BWXT's Request for Entry Upon Land, such that BWXT can inspect the Table, take photographs of the Table, and take a video of the Table." [Dkt. 46 at 10 (citation omitted).] BWXT's Request for Entry Upon Land was directed only to J & L, not Mr. and Ms. Hatfield. Thus, although the table inspection failing to occur cannot be attributed to Mr. and Ms. Hatfield, it does mean that they failed to produce the documents requested by BWXT in Requests No. 34 and 35. And Mr. and Ms. Hatfield knew at the time they responded to the Requests for Production that the table

inspection had not occurred, especially not within the fourteen-day timeframe required by the Court's First Sanctions Order.[4]

These examples show that many of Mr. and Ms. Hatfield's responses to the Requests for Production are woefully inadequate. Federal Rule of Civil Procedure 34 broadly allows BWXT to request "any designated documents or electronically stored information . . . stored in any medium" so long as those requests are within the scope of discovery set forth in Rule 26(b). But Mr. and Ms. Hatfield did not provide all of the requested documents and other evidence. Even though Mr. and Ms. Hatfield are *pro se*, they still must comply with the rules of discovery. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[E]ven those who are *pro se* must follow court rules and directives.").

However, given that Mr. and Ms. Hatfield attempted to comply with the Court's First Sanctions Order by responding to the discovery requests and paying the attorney's fees ordered by the Court, the Court will not recommend granting BWXT's request for a default judgment against Mr. and Ms. Hatfield or BWXT's alternative request to establish adverse facts or prevent Mr. and Ms. Hatfield from opposing BWXT's fraud claim at this time. *See Domanus*, 742 F.3d at 301 ("Default judgment is strong medicine for discovery abuse."). Instead, after having the benefit of the Court's Order explaining how their discovery responses are inadequate, Mr. and Ms. Hatfield will be given one final opportunity to adequately respond to BWXT's discovery requests.

---

[4] In response to BWXT's Request for Entry Upon Land served on J & L, Mr. Hatfield responded—purportedly on behalf of J & L—that "Entry will be granted to the property for purposes of the inspection." [Dkt. 55 at 72.] But the Court's First Sanction Order stated that BWXT must be granted entry on the land for the table inspection within fourteen days of the order, a deadline which passed months ago. [Dkt. 31 at 11.] If the Court was not recommending a default judgment against J & L for the reasons stated above, the Court would otherwise sanction J & L for this failure.

In the First Sanctions Order, the Court noted that they had "in large part, failed to participate in discovery in this matter." [Dkt. 46 at 8.]  While their most recent discovery responses are better than no responses at all, they still do not comply with what is required under the Federal Rules of Civil Procedure.  If Mr. and Ms. Hatfield continue to not adequately respond to BWXT's discovery requests, including by not providing the documents or information their responses state they are providing, default judgment against them may be appropriate.

For the reasons set forth herein, the undersigned **RECOMMENDS** that Mr. and Ms. Hatfield be given one final opportunity to adequately comply with their discovery obligations in this case.  The Court will set forth how discovery shall proceed in the conclusion below, as well as appropriate recommended monetary sanctions for Mr. and Ms. Hatfield's discovery failures.

### IV.   CONCLUSION

For the reasons stated herein, the undersigned **RECOMMENDS** that BWXT's Renewed Motion for Sanctions, [dkt. 52], be **GRANTED IN PART AND DENIED IN PART**, such that the following orders and sanctions shall be issued, pending the District Judge's action on this Report and Recommendation:

- Default judgment be entered against J & L;

- BWXT shall serve any renewed discovery requests on Mr. and Ms. Hatfield **within 21 days** from the date on which the District Judge acts on this Report and Recommendation. BWXT's renewed discovery requests shall specifically state which of the previously served discovery requests it is still asking Mr. and Ms. Hatfield to respond to or supplement their prior response.  Mr. and Ms. Hatfield must respond to those renewed requests **within 21 days** from the date on which they are served, fully responding to each request absent a legally appropriate objection.   This includes providing **all** responsive documents,

communications, and other evidence that is requested. Non-compliant discovery responses similar to the examples set forth above are insufficient and will be deemed a violation of this Order, which may result in further sanctions up to and including a default judgment entered against Mr. and Ms. Hatfield. Mr. and Ms. Hatfield must also strictly comply with the response deadline. Failure to comply with this deadline may result in further sanctions up to and including a default judgment.

- Throughout this case, BWXT has been tirelessly trying to ascertain the current state of the Table so that it can properly litigate this case, and Defendants have continually promised but failed to reveal the current state of the Table to BWXT. Therefore, consistent with Request for Production Number 18, [dkt. 55 at 11], **within 14 days** from the date on which the District Judge acts on this Report and Recommendation, Mr. and Ms. Hatfield are **ORDERED** to produce photographs and video taken within 7 days of the date they are sent to BWXT that clearly show the current full state of the Table. Photographs or video of poor quality or that otherwise do not obviously and clearly allow BWXT to see the current full state of the Table, such as the video provided to BWXT shortly before the April 2025 hearing in this case, are not sufficient and will be deemed a violation of this Order. [*See* dkt. 46 at 5 n.2.] BWXT is **ORDERED** to promptly file a notice with the Court stating whether it received the ordered photographs and video by the above deadline.

- As required by Federal Rule of Civil Procedure 37(d), Mr. and Ms. Hatfield shall pay for BWXT's costs and attorney fees associated with the preparation and filing of BWXT's Renewed Motion for Sanctions. [Dkt. 52.] BWXT shall file a motion for attorney's fees and costs **within 14 days** of the date on which the District Judge acts on this Report and

Recommendation. Mr. and Ms. Hatfield shall have **14 days to respond** to that forthcoming motion when filed, and BWXT shall have **14 days to reply**.

- In the First Sanctions Order, the undersigned recommended and the District Judge adopted the following progressive sanction for failure to comply with deadlines set in that Order: "each of the Defendants shall be fined One Hundred Dollars ($100.00) per calendar day for that noncompliance. To be clear, this could result in a total fine of up to $300 per calendar day if each of the three Defendants continues not to comply. Any fines that occur will be payable to BWXT[.]" [Dkt. 46 at 11.] Because Defendants responded to BWXT's discovery request six days after the deadline, each Defendant is sanctioned $600.00, totaling $1,800.00 owed to BWXT. No later than **14 days** from the date on which the District Judge acts on this Report and Recommendation, Defendants must tender payment of $1,800.00 to BWXT's counsel (Kahn, Dees, Donovan & Kahn). BWXT's counsel is **ORDERED** to promptly file a notice with the Court when that payment is made in full or the deadline to do so has passed and payment has not been made.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days will constitute a waiver of subsequent review absent a showing of good cause for that failure. **The Parties should not anticipate any extension of this deadline or any other related briefing deadlines.**

SO RECOMMENDED.

Date: 12/29/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

J & L HATFIELD, LLC
1911 15th Street
Columbus, IN 47201

JEFFREY HATFIELD
1911 15th Street
Columbus, IN 47201

LOIS ANN HATFIELD
1911 15th Street
Columbus, IN 47201

All counsel electronically registered via CM/ECF